IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

--------------------------------------------------------

| | |
|---|---|
| JOHN KEENAN, | Docket Number |
| Plaintiff, | Verified Complaint 42 U.S.C. §1983 |
| v. | Complaint for Declaratory Judgment, Injunctive Relief, Damages, and Attorneys' Fees |
| TOWN OF SULLIVAN, MAINE STATE POLICE, and ANDRE GAVIN, | Demand for Jury Trial |
| Defendants. | |

--------------------------------------------------------

This is a Civil Action brought by Plaintiff John Keenan against Defendants Town of Sullivan, the Maine State Police, and Maine State Trooper Andre Gavin. Mr. Keenan brings claims under 42 U.S.C. § 1983 for Defendants' violation of Mr. Keenan's First Amendment and substantive and procedural Due Process rights, and free speech and substantive and procedural due process provisions of the Maine state constitution and alleges as follows:

**<u>THE PARTIES</u>**

1. Plaintiff John Keenan ("Plaintiff") is a resident of Sullivan, Maine.

2. Defendant Town of Sullivan (the "Town") is a municipality chartered under Maine state law.

3. Defendant Maine State Police is an arm of the executive branch of the State of Maine.

1

4. Defendant Gavin Endre ("Trooper Endre") is a Maine State Trooper and was a Maine State Trooper at all times material to this complaint. It is unclear where Trooper Endre resides, but upon information and belief, Trooper Endre resides in the State of Maine.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

6. Personal jurisdiction exists over every institutional defendant as they are all chartered under the statutes of the State of Maine.

7. Personal jurisdiction exists over Trooper Endre as, upon information and belief, he resides in the State of Maine.

8. Venue is proper in the United States District Court for the District of Maine as all defendants either reside in the State of Maine or were chartered under the statutes of the State of Maine.

**FACTUAL BACKGROUND**

9. Plaintiff is a resident of the Town and has, on a number of occasions, spoken with Town employees and elected officials in the Sullivan Town Hall ("Town Hall"), which is located at 1888 Route 1 in Sullivan, Maine.

10. In 2019, Plaintiff attended approximately seven Town Selectmen Meetings at the Town Hall. During these meetings, Plaintiff raised questions regarding Town financial matters, including, but not limited to, the compensation paid to the Town's three selectmen (the "Selectmen").

11.     Plaintiff also raised the issue of voting procedures for Town Selectmen and the moderator for the Town meetings.

12.     During and after these meetings, Plaintiff received resistance from the Town's manager, Robert Eaton ("Eaton"), Town clerk, Stacy Tozier ("Tozier"), and the Town treasurer, Lynn Dunbar ("Dunbar").

13.     During one of Plaintiff's visits to the Town Hall in the Summer of 2019, Town officials called the Hancock County Sheriff's office, which responded by sending deputies to Town Hall to ask Plaintiff to leave the premises.

14.     Plaintiff then sought to run for the position of Town Selectman and was officially nominated for that position in April 2020.

15.     Ms. Tozier, in her then-capacity as Town clerk, refused to inform Plaintiff of when the election for Selectman would be held.

16.     Plaintiff also objected to the Town officials' appointing a moderator for the Town's meetings, rather than having the moderator elected, as Plaintiff believed required by Maine state law.

17.     In May of 2020, Plaintiff sent an e-mail to Tozier, who had just been selected for promotion from Town clerk to Town manager.  In this e-mail, Plaintiff asked Ms. Tozier to permit him to attend the May 11, 2020 Town monthly planning board meeting and asked again about the scheduling of the upcoming election for Selectman.

18.     On May 11, 2020, the Town held a Selectmen meeting (the "May 11th Meeting") using the Zoom videoconference platform.  Plaintiff had

attempted to place an item on the agenda for the May 11th Meeting. Town officials refused to place Plaintiff's proposed agenda item on the agenda.

19.     During the May 11th Meeting, Plaintiff asked to participate in the public comment portion of the May 11th Meeting.

20.     Candace Eaton ("Candy Eaton"), who is Eaton's wife, was the Zoom administrator for the May 11th Meeting. When the public comment portion of the May 11th Meeting was called, Candy Eaton cut off Plaintiff's ability to comment and the May 11th Meeting's moderator perfunctorily called for public comment.

21.     As Candy Eaton had disabled Plaintiff's ability to verbally participate in the public comment session of the May 11th Meeting, Plaintiff was forced to take his concerns directly to the Town Hall.

22.     After the May 11th Meeting concluded, Plaintiff drove to the Town Hall with a written list of questions he had intended to present to the Sullivan Town Clerk, Stacy Tozier, during the public comment portion of the May 11th Meeting.

23.     When Plaintiff attempted to give his list of questions to those present at the Town Hall, one of the Town Selectmen called 911 asking for law enforcement assistance.

24.     Plaintiff then left Town Hall before the police arrived.

25.     About 30 minutes after Plaintiff left Town Hall, Trooper Endre arrived at Plaintiff's home with a piece of paper. The piece of paper was a trespass notice (the "Trespass Notice"). A copy of the Trespass Notice is attached

hereto as Exhibit A. The Trespass Notice purports to prohibit Plaintiff from being present at the Town Hall.

26.     The Town Hall is Plaintiff's lawful polling place in which to cast his ballot in elections.

27.     On election day in November of 2020, Tozier physically blocked Plaintiff from entering Town Hall, citing the Trespass Notice as support for her refusal to permit Plaintiff to enter Town Hall to cast his ballot.

28.     During the November 2020 encounter with Stacy Tozier, Plaintiff attempted to give a voting ballot to Deana Workman ("Workman"), the new Town clerk. Tozier instructed Workman to not take Plaintiff's ballot.

29.     On March 23, 2021, Tozier refused to allow Plaintiff to attend a Town planning board meeting at the Town Hall, citing the Trespass Notice.

30.     On or about June 8, 2021, Plaintiff spoke by telephone with Dunbar, now the Acting Clerk of Sullivan, and asked to vote in that day's election for Town Selectman. Dunbar informed Plaintiff to "call tomorrow." As the election was that day, calling Dunbar the next day would not enable Plaintiff to vote.

31.     Later that same day, Plaintiff verbally requested a ballot with which to vote. Dunbar informed Plaintiff "tough luck. You're not going to vote today. Call me tomorrow."

32.     Later that same day, Plaintiff was present at a Town town meeting. A Town official called law enforcement and two Maine State Troopers responded and threatened to arrest Plaintiff during the meeting.

33.      On election day in November of 2021, Plaintiff went to Town Hall to vote by ballot.  Plaintiff asked new Town Clerk, Jessica Parker, for a ballot.  Parker refused to give Plaintiff a ballot.  Tozier similarly instructed Parker to refuse Plaintiff a ballot.  Before leaving the Town Hall, Plaintiff asked Parker to provide Plaintiff a written acknowledgement of her having refused Plaintiff a ballot.  Dunbar directed Parker to "not put anything in writing."  Shortly thereafter, Trooper Endre arrived at Town Hall at Tozier's request.

34.      On February 14, 2022, Plaintiff went to Town Hall to vote.  Plaintiff cast his vote.

35.      On or about March 2, 2022, Maine State Trooper Travis Chapman ("Trooper Chapman") contacted Plaintiff and informed him that Trooper Chapman needed to serve a summons on him for Criminal Trespass.

36.      On or about March 3, 2022, Plaintiff went to the Maine State Police office in Ellsworth and received the Criminal Trespass summons, which summonsed him for having gone to vote at Town Hall on February 14, 2022.

37.      Thereafter, the District Attorney of Maine's Prosecutorial District VII filed charges against Plaintiff for having gone to Town Hall on February 14, 2022 to vote.[1]  A copy of the criminal complaint pending against Plaintiff is attached hereto as Exhibit B.

38.      The Criminal Trespass matter against Plaintiff is still pending.

---

[1] *See State v. John Keenan*, HANCD-CR-2022-00217.

6

**CLAIMS FOR RELIEF**

<u>**Count I**</u>

**Violation of the First and Fourteenth
Amendments to the United States Constitution**

**(42 U.S.C. §1983 – First and Fourteenth Amendments)**

39.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

40.     Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his First and Fourteenth Amendment rights to freedom of expression and speech and his right to petition the Town and its officials.

41.     Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his First and Fourteenth Amendment rights to freedom of expression and speech and his right to petition the Town and its officials.

42.     Defendants retaliated against Plaintiff for his having exercised his First and Fourteenth Amendment rights to freedom of expression and speech and his right to petition the Town and its officials.

43.     Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's First and Fourteenth Amendment rights to freedom of expression, speech and to petition the Town and its officials.

7

44.    Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

**Count II**

**Violation of Article I Section 4 and Section 15
of the Maine Constitution**

**(5 M.R.S. §4682 Free Speech and Right to Petition)**

45.    Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

46.    Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Article I Section 4 and Section 15 rights under the Maine Constitution to freedom of expression and speech and his right to petition the Town and its officials.

47.    Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Article I Section 4 and Section 15 rights under the Maine Constitution to freedom of expression and speech and his right to petition the Town and its officials.

48.    Defendants retaliated against Plaintiff for his having exercised his Article I Section 4 and Section 15 rights under the Maine Constitution to freedom of expression and speech and his right to petition the Town and its officials.

49.    Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's

Article I Section 4 and Section 15 rights under the Maine Constitution to freedom of expression, speech and to petition the Town and its officials.

50.    Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

### Count III

### Violation of the Fourteenth Amendment to the United States Constitution
### (42 U.S.C. § 1983 – Substantive Due Process – Liberty to Petition)

51.    Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

52.    Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Fourteenth Amendment liberty right to petition and to due process of law.

53.    Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Fourteenth Amendment liberty right to petition and to due process of law.

54.    Defendants retaliated against Plaintiff for his having exercised his First and Fourteenth Amendment liberty right to petition and to due process of law.

55.    Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Fourteenth Amendment liberty right to petition and to due process of law.

56.     Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

**<u>Count IV</u>**

**Violation of Article I, Section 6-A of the Maine Constitution**

**(5 M.R.S. § 4682 – Substantive Due Process – Liberty to Petition)**

57.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

58.     Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Article I Section 6-A liberty right to petition under the Maine Constitution and to due process of law.

59.     Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Article I Section 6-A liberty right to petition under the Maine Constitution and to due process of law.

60.     Defendants retaliated against Plaintiff for his having exercised his Article I Section 6-A liberty right to petition under the Maine Constitution and to due process of law.

61.     Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Article I Section 6-A liberty right to petition under the Maine Constitution and to due process of law.

62.      Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

### Count V

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983 – Procedural Due Process – Liberty to Petition)**

63.      Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

64.      Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Fourteenth Amendment liberty right to petition and to due process of law.

65.      Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Fourteenth Amendment liberty right to petition and to due process of law.

66.      Defendants retaliated against Plaintiff for his having exercised his First and Fourteenth Amendment liberty right to petition and to due process of law.

67.      Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Fourteenth Amendment liberty right to petition and to due process of law.

68.      Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

## Count VI

### Violation of Article I, Section 6-A of the Maine Constitution

### (5 M.R.S. § 4682 – Procedural Due Process – Liberty to Petition)

69.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

70.     Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Article I Section 6-A liberty right to petition under the Maine Constitution and to due process of law.

71.     Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Article I Section 6-A liberty right to petition under the Maine Constitution and to due process of law.

72.     Defendants retaliated against Plaintiff for his having exercised his Article I Section 6-A liberty right to petition under the Maine Constitution and to due process of law.

73.     Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Article I Section 6-A liberty right to petition under the Maine Constitution and to due process of law.

74.     Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

## Count VII

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983 – Substantive Due Process –
Liberty to Be Present in a Public Place)**

75.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

76.     Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Fourteenth Amendment liberty right to be present in a public place and to due process of law.

77.     Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Fourteenth Amendment liberty right to be present in a public place and to due process of law.

78.     Defendants retaliated against Plaintiff for his having exercised his First and Fourteenth Amendment liberty right to be present in a public place and to due process of law.

79.     Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Fourteenth Amendment liberty right to be present in a public place and to due process of law.

80.     Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

## Count VIII

### Violation of Article I, Section 6-A of the Maine Constitution

### (5 M.R.S. § 4682 – Substantive Due Process – Liberty to Be Present in a Public Place)

81.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

82.     Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Article I Section 6-A liberty right to be present in a public place under the Maine Constitution and to due process of law.

83.     Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Article I Section 6-A liberty right to be present in a public place under the Maine Constitution and to due process of law.

84.     Defendants retaliated against Plaintiff for his having exercised his Article I Section 6-A liberty right to be present in a public place under the Maine Constitution and to due process of law.

85.     Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Article I Section 6-A liberty right to be present in a public place under the Maine Constitution and to due process of law.

86.     Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

**Count IX**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983 – Procedural Due Process –
Liberty to Be Present in a Public Place)**

87.      Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

88.      Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Fourteenth Amendment liberty right to be present in a public place and to due process of law.

89.      Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Fourteenth Amendment liberty right to be present in a public place and to due process of law.

90.      Defendants retaliated against Plaintiff for his having exercised his First and Fourteenth Amendment liberty right to be present in a public place and to due process of law.

91.      Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Fourteenth Amendment liberty right to be present in a public place and to due process of law.

92.      Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

## Count X

### Violation of Article I, Section 6-A of the Maine Constitution

### (5 M.R.S. § 4682 – Procedural Due Process – Liberty to Be Present in a Public Place)

93.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

94.     Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Article I Section 6-A liberty right to be present in a public place under the Maine Constitution and to due process of law.

95.     Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Article I Section 6-A liberty right to be present in a public place under the Maine Constitution and to due process of law.

96.     Defendants retaliated against Plaintiff for his having exercised his Article I Section 6-A liberty right to be present in a public place under the Maine Constitution and to due process of law.

97.     Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Article I Section 6-A liberty right to be present in a public place under the Maine Constitution and to due process of law.

98.     Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

## Count XI

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983 – Substantive Due Process – Liberty to Vote)**

99.      Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

100.      Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Fourteenth Amendment liberty right to vote and to due process of law.

101.      Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Fourteenth Amendment liberty right to vote and to due process of law.

102.      Defendants retaliated against Plaintiff for his having exercised his First and Fourteenth Amendment liberty right to vote and to due process of law.

103.      Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Fourteenth Amendment liberty right to vote and to due process of law.

104.      Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

**Count XII**

**Violation of Article I, Section 6-A of the Maine Constitution**

**(5 M.R.S. § 4682 – Substantive Due Process – Liberty to Vote)**

105.    Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

106.    Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Article I Section 6-A liberty right to vote under the Maine Constitution and to due process of law.

107.    Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Article I Section 6-A liberty right to vote under the Maine Constitution and to due process of law.

108.    Defendants retaliated against Plaintiff for his having exercised his Article I Section 6-A liberty right to vote under the Maine Constitution and to due process of law.

109.    Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Article I Section 6-A liberty right to vote under the Maine Constitution and to due process of law.

110.    Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

## Count XIII

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983 – Procedural Due Process – Liberty to Vote)**

111.    Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

112.    Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Fourteenth Amendment liberty right to vote and to due process of law.

113.    Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Fourteenth Amendment liberty right to vote to due process of law.

114.    Defendants retaliated against Plaintiff for his having exercised his First and Fourteenth Amendment liberty right to vote and to due process of law.

115.    Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Fourteenth Amendment liberty right to vote and to due process of law.

116.    Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

**Count XIV**

**Violation of Article I, Section 6-A of the Maine Constitution**

**(5 M.R.S. § 4682 – Procedural Due Process – Liberty to Vote)**

117.    Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

118.    Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Article I Section 6-A liberty right to vote under the Maine Constitution and to due process of law.

119.    Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Article I Section 6-A liberty right to vote under the Maine Constitution and to due process of law.

120.    Defendants retaliated against Plaintiff for his having exercised his Article I Section 6-A liberty right to vote under the Maine Constitution and to due process of law.

121.    Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Article I Section 6-A liberty right to vote under the Maine Constitution and to due process of law.

122.    Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

## Count XV

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983 – Equal Protection of the Law)**

123.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

124.     Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Fourteenth Amendment right to equal protection of the law, as his tre3atment is in direct contrast to those similarly situated.

125.     Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Fourteenth Amendment right to equal protection of the law, as his tre3atment is in direct contrast to those similarly situated.

126.     Defendants retaliated against Plaintiff for his having exercised his First and Fourteenth Amendment right to equal protection of the law, as his tre3atment is in direct contrast to those similarly situated.

127.     Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Fourteenth Amendment right to equal protection of the law, as his tre3atment is in direct contrast to those similarly situated.

128.     Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

**Count XVI**

**Violation of Article I, Section 6-A of the Maine Constitution**

**(5 M.R.S. § 4682 – Equal Protection of the Law)**

129.    Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

130.    Plaintiff alleges that the Defendants' conduct in issuing him the Trespass Notice forbidding Plaintiff from entering the Town Hall without time duration due to his constitutionally-protected petitioning activity is unconstitutional and violates his Article I Section 6-A right to equal protection of the law, as his tre3atment is in direct contrast to those similarly situated.

131.    Plaintiff alleges that the Defendants' enforcing the unconstitutional Trespass Notice violates his Article I Section 6-A right to equal protection of the law, as his tre3atment is in direct contrast to those similarly situated.

132.    Defendants retaliated against Plaintiff for his having exercised his Article I Section 6-A right to equal protection of the law, as his treatment is in direct contrast to those similarly situated.

133.    Defendants' restriction on Plaintiff's expression, speech, and petitioning is content-based and viewpoint discriminatory and violates Plaintiff's Article I Section 6-A right to equal protection of the law, as his treatment is in direct contrast to those similarly situated.

134.    Plaintiff has been injured, and fears future injury, by these constitutional violations, and is therefore entitled to relief.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiff John Keenan asks this Court to issue or award:

A.          A declaration that the Trespass Notice issued by the Defendants is unconstitutional under the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 4, 6-A and 15 of the Maine Constitution.

B.          A declaration that the Defendants' actions in enforcing the Trespass Notice issued by the Defendants is unconstitutional under the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 4, 6-A and 15 of the Maine Constitution.

C.          A preliminary and permanent injunction enjoining each Defendant from interfering with Plaintiff's rights to engage in constitutionally-protected speech, expression, petitioning and voting within Sullivan, Maine.

D.          Damages in an amount to be determined at trial;

E.          An award of attorneys' fees and expenses under 42 U.S.C. § 1988 and 5 M.R.S. § 4683;

F.          Any further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury on all causes of action.

Dated: January 30, 2023
       Ellsworth, Maine

                          Respectfully submitted,


                          _____/s/_____
                          Scott L. Fenstermaker, Esq.
                          Signed Pursuant to Rule 11, F.R.Civ.P.

                          Attorney for John Keenan, Plaintiff
                          Maine Bar Number 010197
                          The Law Offices of Scott L. Fenstermaker, P.C.
                          16 State Street, Suite B
                          Ellsworth, Maine 04605
                          207-812-4340 (office)
                          207-412-0789 (fax)
                          scott@fenstermakerlaw.com


To:    Town of Sullivan
       1888 Route 1
       Sullivan, Maine

       Maine State Police
       Troop J
       180 Bangor Road
       Ellsworth, Maine

       State Trooper Gavin Endre
       Troop J
       180 Bangor Road
       Ellsworth, Maine

## VERIFICATION OF COMPLAINT

I, John Keenan, am the Plaintiff in the above-captioned matter.  I have reviewed the allegations in the Verified Complaint, and I hereby declare, under the penalties of perjury, that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 01/30/23

By: _John Keenan_
John Keenan