**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| JOHN KEENAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:23-cv-00050-KFW |
| | ) | |
| TOWN OF SULLIVAN, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER GRANTING SUMMARY JUDGMENT[1]**

In this case, John Keenan alleges that the Town of Sullivan violated his constitutional rights when he was issued a no trespass order excluding him from the town hall and offices (collectively "town hall").[2]  Complaint (ECF No. 1).  The Town previously filed a motion to dismiss, which was granted in part.  Motion to Dismiss (MTD) (ECF No. 7); Order on MTD (ECF No. 24).  The Town now moves for summary judgment on all remaining counts.  Motion (ECF No. 58).

Keenan filed multiple responses to the Town's motion for summary judgment. *See* ECF Nos. 66-69.[3]  In response to these filings, the Town highlighted Keenan's noncompliance with the Federal and Local rules.  *See* ECF Nos. 70-71.  Keenan then submitted a supplemental response with fifteen attachments.  ECF No. 73.  The

---

[1] The parties have consented to my presiding over all proceedings in this action, including the entry of judgment.  *See* ECF No. 54.

[2] Keenan also brought claims against the Maine State Police and Trooper Andre Gavin, who were dismissed from the case in September 2023.  Order on MTD.  As previously noted, *see id.*, the caption and opening paragraph of the Complaint refer to the Trooper as "Andre Gavin," but thereafter he is consistently called Gavin Endre or Trooper Endre.  The State Defendants' motion to dismiss also refers to this Defendant as Gavin Endre or Trooper Endre, so I assume that is his name, and I do the same.

[3] Keenan filed his initial response to the Town's motion for summary judgment four days late.  *See* ECF Nos. 65, 66.

Town moved to strike this filing.  ECF No. 72.  I granted the motion because Keenan's filing was not authorized by either the applicable rules or my procedural order. ECF Nos. 72, 74.  Keenan then filed an untimely response to the Town's motion to strike, ECF No. 75, and I issued an order noting that the response did not change my reasoning.  ECF No. 76.  Through these filings, Keenan has not properly controverted the Town's statement of material facts, and those facts are deemed admitted since they are supported by citations to the record. *See* Local Rule 56(f).

Although I am sympathetic to Keenan's challenges with the summary judgment process, I must apply the rules consistently.  *See, e.g., Doe v. Solvay Pharms., Inc.*, 350 F. Supp. 2d 257, 260 n.3 (D. Me. 2004) (noting that, although courts read pro se filings "liberally," pro se litigants must still "be held generally to the same standards as an attorney" because to do otherwise would be to "apply the rules unevenly").  I rely on these rules to determine what is genuinely controverted and to avoid acting as counsel for an unrepresented plaintiff.  *See Calvi v. Knox County,* 470 F.3d 422, 427 (1st Cir. 2006); *Clarke v. Blais*, 473 F. Supp. 2d 124, 129 (D. Me. 2007).  Even though Keenan has not properly controverted the Town's statement of material facts, I have thoroughly reviewed the record to ensure that the Town has met its burden.  *See Murray v. Walmart Stores Inc.*, No. 2:15-cv-00484-DBH, 2019 WL 6689900, at *5 (D. Me. Dec. 6, 2019) ("[T]he court is still required to inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." (cleaned up)).  For the

following reasons, I conclude that summary judgment is appropriate and grant the Town's motion.

## I. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute "is genuine if it can be resolved in favor of either party, and a fact is material if it has the potential of affecting the outcome of the case." *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020) (cleaned up). The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To survive summary judgment, the nonmoving party must respond "with sufficient evidence to allow a reasonable jury to find in its favor with respect to each issue on which it has the burden of proof." *Feliciano-Muñoz*, 970 F.3d at 62 (cleaned up).

In reviewing a motion for summary judgment, a court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *See EdgePoint Cap. Holdings, LLC v. Apothecare Pharmacy, LLC*, 6 F.4th 50, 57 (1st Cir. 2021). Even when viewing evidence in a favorable light, however, a court is not obligated "to draw unreasonable inferences or credit bald assertions or empty conclusions." *Theriault v. Genesis HealthCare LLC*, 890 F.3d 342, 348 (1st Cir. 2018) (cleaned up).

## II. Undisputed Facts

Keenan is a resident of Sullivan, Maine.  Complaint ¶ 1.  He has visited the town hall and spoken with town employees and elected officials on several occasions. *Id.* ¶ 9.  On May 11, 2020, the Town Selectmen held a meeting in the town hall. Defendant's Statement of Material Facts (DSMF) (ECF No. 59) ¶ 2.  That meeting took place during the COVID pandemic.  *Id.* ¶¶ 2, 33.  It was attended in person by Russell Gordon (a Town Selectman) and Robert Eaton (Town Manager) and was broadcast to the public via Zoom.  *Id.* ¶¶ 2, 14-15, 32-33.

After the meeting, Keenan drove to the town hall to try to hand documents to Town Clerk Stacy Tozier.  *Id.* ¶¶ 3-4.  Gordon and Eaton were leaving the town hall when they saw Keenan arrive.  *Id.* ¶¶ 16, 34, 35.  The three of them interacted.  *Id.* ¶¶ 5, 17, 35.  During this interaction, Gordon thought Keenan was behaving aggressively.  *Id.* ¶¶ 5, 17-18, 35.  Gordon called the police because he was concerned for his and others' safety and wanted to deter a potentially violent situation from escalating.  *Id.* ¶¶ 5, 17-18, 35.  Gordon told Maine State Police Trooper Gavin Endre that he wanted police to come to the town hall.  *Id.* ¶ 21.  He requested that either Keenan be removed from the premises or that protection be provided.  *Id.*  Keenan left before the police arrived.  *Id.* ¶ 6.

Gordon and Eaton later learned that Trooper Endre had issued a no trespass order to Keenan.  *Id.* ¶¶ 22, 40.  Neither Gordon nor Eaton requested, reviewed, or approved the no trespass order.  *Id.* ¶¶ 23, 45.  There was no vote by the select board

to issue the order.  *Id.* ¶ 27, 41.  Gordon's conversation with Trooper Endre was limited to immediate safety concerns arising from Keenan's conduct.  *Id.* ¶ 30.

In November 2020, pursuant to the no trespass order, Town Clerk Tozier prevented Keenan from entering the town hall to vote.  *Id.* ¶ 9.  However, according to Keenan, he was still able to cast his vote in the 2020 election.  *Id.* ¶ 10.  On March 23, 2021, Clerk Tozier prevented Keenan from attending a Planning Board meeting pursuant to the no trespass order.  *Id.* ¶ 11.  On February 14, 2022, Keenan went to the town hall to vote.  *Id.* ¶ 12.  On March 3, 2022, Keenan received a criminal trespass summons for his February entry into the town hall.[4]  *Id.* ¶ 13.

## IV.  Discussion

Counts I-XIV of Keenan's complaint remain following this Court's order on the Town's motion to dismiss, insofar as they seek monetary damages.  Order on MTD at 33.  Although the remaining counts allege numerous individual constitutional violations, *e.g.*, Counts I (First Amendment) and V (Procedural Due Process), the allegations fall into two categories.  First, Keenan alleges that the town is liable under 42 U.S.C. § 1983 for the deprivation of his federally protected rights.  Complaint ¶¶ 39-134.  Second, Keenan alleges the town is liable under 5 M.R.S.A. § 4682 for the deprivation of his state-protected rights.  *Id.*

### A.  Municipal liability Under 42 U.S.C. § 1983

It is well settled that towns may not be held liable for the constitutional violations of their employees in a § 1983 suit based on a *respondeat superior* theory

---

[4] Keenan was charged by the State but acquitted at trial.  Motion at 8; ECF No. 69.

of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality is responsible under § 1983 only when the injury to a federally protected right stems from the "execution of a government's policy or custom . . . by those whose edicts or acts may fairly be said to represent official policy . . . ." *Id.* at 694. The existence of a "policy" can be shown in three ways: (1) there is an officially adopted policy, such as an ordinance; (2) there is a custom or practice that is so widespread and persistent that it effectively becomes policy; or (3) there is an act by a town official with final policymaking authority, within the purview of that authority. *Monell*, 436 U.S. at 690-91; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 485 (1986). After establishing that there is a relevant policy, "we look at whether there was a direct causal link between the policy and the violation, or if the policy actually caused the violation." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 10 (1st Cir. 2002) (cleaned up).

If, however, the summary judgment record does not establish a policy, there is no need to address whether a violation of a federally protected right occurred. *See Brock v. City of New York*, No. 21 Civ. 3087 (PGG) (GWG), 2022 WL 4544966, at *4 n.3 (S.D.N.Y. Sept. 29, 2022) (rec. dec.), *aff'd*, 2022 WL 17991618 (S.D.N.Y. Dec. 29, 2022) ("Because Brock has failed to adequately allege the existence of a municipal policy, we do not address whether he has pled a constitutional violation.").

At the motion to dismiss stage, this Court properly inferred "that both the trespass notice and its enforcement were requested by the Town through someone with final policymaking authority." Order on MTD at 24. At the summary judgment stage, however, undisputed facts show otherwise. Neither Gordon nor Eaton

6

requested, reviewed, or approved the no trespass order. DSMF ¶¶ 23, 45. The select board never considered or voted on the order. *Id.* ¶¶ 27, 41. Gordon discussed only immediate safety concerns with Trooper Endre due to Keenan's conduct and asked the Trooper to either remove Keenan or provide protection. *Id.* ¶ 30. No municipal official ever requested a prospective ban on Keenan at the town hall.

Thus, the Town is entitled to summary judgment because the record does not establish a municipal policy (within the three types discussed above) that caused the Trooper to issue the no trespass order.[5] *Cf. Amatucci v. O'Brien*, No. 15-cv-356-JL, 2016 WL 4427201, at *2-3, 11 n.5 (D.N.H. Aug. 5, 2016) (rec. dec.), *aff'd*, 2016 WL 4435201 (D.N.H. Aug. 19, 2016) (allowing a § 1983 claim to proceed based on a no trespass order that was formally voted on by the select board); *Bernstein v. Sims*, 643 F. Supp. 3d 578, 587-88 (E.D.N.C. 2022) (providing an example where a municipal official acted as a final policymaker in issuing a trespass notice where he either had such authority by law or his actions were ratified by the full board); *see also Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-68 (1970) (defining "custom" with words like "persistent and widespread . . . practices," "systematic maladministration" of the laws, practices that are "permanent and well settled," and "deeply embedded traditional ways of carrying out . . . policy."). Therefore, because Trooper Endre did not issue the no trespass order pursuant to a town policy or custom, the Town is

---

[5] *Monell* liability may also attach if an authorized policymaker ratifies a subordinate's decision. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) ("If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final."). But there is no indication in the summary judgment record that the selectboard ever voted on ratifying the no trespass order or had any discussions with municipal officers regarding its enforcement.

entitled to summary judgment on the claims arising from the issuance of the no trespass order.

Similar reasoning applies to the enforcement of the order. In November 2020, Clerk Tozier prevented Keenan from entering the town hall. DSMF ¶ 9. According to Keenan, he was nevertheless able to cast his vote in the 2020 election. *Id.* ¶ 10. In March 2021, Clerk Tozier prevented Keenan from attending a Planning Board meeting. *Id.* ¶ 11. In February 2022, Keenan went to the town hall to vote, and a little under one month later, he received a criminal trespass summons for that entry into the town hall. *Id.* ¶ 12-13.

Thus, the record establishes isolated enforcement of the order by the Town Clerk, which is generally insufficient to establish liability for the town unless that Clerk has final policymaking authority. *See Rodriguez-Garcia v. Miranda-Marin*, 610 F.3d 756, 769 (1st Cir. 2010) ("[L]iability may not be imposed on a municipality for a single instance of misconduct by an official *without* final policymaking authority."). Whether an official, such as the Town Clerk, has final policymaking authority is a question of law determined by state and local laws, including descriptions of duties and obligations. *See Freeman v. Town of Hudson*, 714 F.3d 29, 38 (1st Cir. 2013).

The relevant state law is the Town Manager Plan. *See* 30-A M.R.S. § 2631 *et seq*. Pursuant to the Plan, "the select board as a body shall exercise all administrative and executive powers of the town except as provided in this subchapter." 30-A M.R.S.A. § 2635. The Town Manager serves as "the chief executive

8

and administrative official of the town." *Id.* § 2636.  Town clerks, by contrast, exercise limited administrative authority.  *See, e.g.*, 21-A M.R.S.A. § 505 ("The clerk of the municipality is the supervisor of all elections . . . ."); 22 M.R.S.A. § 2702 ("The clerk of each municipality in this State shall keep a chronological record of all live births, marriages, deaths and fetal deaths reported to the municipal clerk under this Title."). This administrative authority does not encompass the management of town buildings.

Therefore, under Maine law, the town clerk does not have final policymaking authority over the supervision of public facilities or the enforcement of a no trespass order.  *Cf. Bates v. Town of Cavendish, Vermont*, 735 F. Supp. 3d 479, 493 (D. Vt. 2024) ("[T]he Town Manager has charge and supervision of all public town buildings, 24 V.S.A. § 1236, issuing a Trespass Notice banning [the Plaintiff] from Town property appears to have been within his area of policymaking authority.") (cleaned up)); *Amatucci*, 2016 WL 4427201, at *2 (allowing a claim to proceed when the no trespass order was "issued pursuant to the Town Manager's and the Board of Selectmen's authority to regulate the use of Town property under RSA 37:5, RSA 41:11-a and any other applicable statute").  Because the complaint only names the Town as a defendant, and the Clerk was not acting with final policymaking authority when she excluded Keenan from the town hall, the Town is entitled to summary judgment related to the enforcement of the no trespass order.[6]

---

[6] Keenan alleges, without citation to the record, that Gordon requested the no trespass order. Separately, Keenan filed what appears to be an authentic copy of a transcript from his trial on the criminal charge stemming from the February 2022 entry of the town hall. *See* Additional Attachments

## B.  Municipal Liability Under 5 M.R.S.A. § 4682

The analysis of Keenan's 5 M.R.S.A. § 4682 claims mirrors the § 1983 analysis conducted above.  *See Fowles v. Stearns*, 886 F. Supp. 894, 899 n.6 (D. Me. 1995) ("The Maine law was patterned after section 1983 and, therefore, the same municipal liability analysis applies."); *Doe I v. Williams*, 2013 ME 24, ¶ 72, 61 A.3d 718 (noting that "[t]he MCRA, 5 M.R.S.A. §§ 4681-4685, is patterned after § 1983" and applying § 1983 caselaw to a claim arising under the MCRA); *Estate of Bennett v. Wainwright*, 548 F.3d 155, 178-79 (1st Cir. 2008) ("[T]he protections provided by the Maine Civil Rights Act, including immunities, are coextensive with those afforded by 42 U.S.C. § 1983 . . . .").  Therefore, under these undisputed facts, summary judgment is granted on the claims arising under state law.

## V.  Conclusion

For the foregoing reasons, the Town of Sullivan's motion for summary judgment is **GRANTED** as to Counts I-XIV.


Dated: March 31, 2026


/s/ Karen Frink Wolf
United States Magistrate Judge

---

(ECF No. 69).  In that transcript, Trooper Endre testifies that he issued the no trespass order on Gordon's request.  *Id.* at 43:22-44:12. Even if Keenan had properly controverted the Town's statement of material facts and provided his own statement of additional facts, it would not change the fact that Keenan has not named any municipal employees individually, and Gordon was not a person with final policymaking authority despite his position on the select board.  *See Pembaur*, 475 U.S. at 483 (saying that an individual official's policy cannot create governmental liability unless the individual was delegated final policymaking authority, beyond mere decision making or discretionary authority); 30-A M.R.S.A. § 2635 ("It is the intention of this subchapter that *the select board as a body shall exercise* all administrative and executive powers of the town except as provided in this subchapter." (emphasis added)).  Therefore, any dispute over whether Gordon requested the no trespass order would not affect my conclusion that municipal liability does not attach to the Town under the pleading structure of this case.